Allen, J
delivered the opinion of the Court.
The Court is of opinion, that by the principles of equity, the right accrues to one security having paid the debt of the principal, in the event of the insolvency of the principal, to receive contribution from the other securities ; and where all the sureties are solvent each surety is liable for his share of the sum so advanced and paid to relieve them from a common burthen. The Court is further of opinion, that there is no evidence of any contract or obligation on the part of John B. Floyd, one of the sureties, to pay the debt in exoneration of his cosecurities; and if when the execution was levied on the property of said John B. Floyd, he had paid the debt instead of giving a forthcoming bond, he would have been entitled to receive contribution from the other sureties. And as the forthcoming bond was executed by said John B. Floyd and one of the cosecurities, against whom judgment had not been obtained, and no new party was introduced, the execution and forfeiture of said bond alone, in the absence of any other circumstance affecting the liability of the parties, could not of itself operate so as to destroy the right of the security for the original principal, having paid the debt, to call for contribution ; although such security was also a security in the forthcoming bond. And whether the security who so paid the debt elected to pay the same on the judgment against himself for the original debt, or on the judgment on the forthcoming bond, the substance of the transaction, as it respects the original debt and the legal costs incurred in the discharge *91 thereof, was the same, the relieving of the cosecurities from a burthen resting on all, and from which neither had been exonerated.
The Court is further of opinion, that where a security seeks for the application of a rule growing out of the general principles of equity, and not affected by any specific contract of the parties, the relief given should be regulated by the circumstances of the case ; that though if one security is insolvent, his share, as a general rule, should be apportioned amongst the solvent sureties, in this case the appellant is not entitled to charge his solvent cosecurity with a moiety of the share of the said John B. Floyd, alleged to be insolvent; for as it appears that the execution which issued on the first judgment was levied on the property of said John B. Floyd, if no forthcoming bond had been executed the proportion of the said John B. Floyd would have been made out of his property. Justice between the securities required that the remaining two should have paid their proportions, leaving the property of said John B. Floyd liable for his. By uniting with said Floyd in the forthcoming bond, the appellant disturbed the relation which then existed between the sureties, so far as to enable the said Floyd to withdraw from the lien of the execution the property which had been levied upon ; and if in consequence of the subsequent insolvency of said Floyd, he is unable to contribute his proportion, the loss occasioned thereby should not be borne by the cosecurity who did not join in the forthcoming bond, but was merely passive. The Court is further of opinion, that the cosecurity, John Preston, is not responsible for the costs in awarding execution on the forthcoming bond, as that was given for the benefit of the said John B. Floyd, alone ; and for such costs the appellant was entitled to an immediate decree against said John B. Floyd. But the Court is of opinion, that the appellant was entitled to a decree against the principal debtor for the whole *92 amount paid by him, with interest, except the costs of awarding the judgment- on' the forthcoming bond ; and in the event said decree should prove unavailing, then to a decree against said John Preston, for one third of amount °f the sum so decreed against said William P. Floyd, the principal, or any residue remaining unsatisfied ; and to a decree against said John B. Floyd for the remaining third of the amount decreed against said William P. Floyd, or any balance which remained unsatisfied!.
The Court is therefore of opinion, that said decree was erroneous, and the same is reversed with costs“j/and the cause is remanded, with instructions to render a decree in favour of the plaintiff against said William P. Floyd for the amount paid by the appellant on account of said judgments in the bill and proceedings mentioned, deducting therefrom the costs of the award of execution on the forthcoming bond, and a second commission, should the same be included in the sum paid by the appellant; and also a decree against said John B. Floyd, for the costs of the judgment on the forthcoming bond, and such second commission if included in the amount of the receipts. And to retain the case, with leave to the appellant to apply to the Court for decrees against said John Preston and John B. Floyd respectively, for their parts of the decree against their common principal, William P. Floyd, in the event of the decree against him proving unavailing, or for one third of so much thereof as may not be collected from said William P. Floyd, according to the principles aforesaid.